IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK D. HAINAN                          )
           Plaintiff,                   )
                                        )
      v.                                )  Civil Action No. 99-1450
                                        )
ARBCO INDUSTRIES, INC. and              )
GERALD BARTOLOMUCCI,                    )
           Defendants                   )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                              July 2(, 2006

     This is an employment discrimination case.   Plaintiff

alleges that his employment was terminated due to his disability

in violation of the Americans with Disabilities Act of 1990, 42

U.S.C.A. § 12111, et seq.   Defendants have filed a motion to

dismiss [doc. no. 19], and a motion for a protective order [doc.

no 25].   For the reasons set forth below, defendants' motion to

dismiss will be denied.   Defendants' motion for a protective

order is moot.


I.    BACKGROUND

      A.   The Motion to Dismiss

      This case was originally filed on September 8, 1999.   In

his  original  complaint,  plaintiff  alleged  that  defendants

terminated his employment on January 16, 1998, due to his

disability.  After defendants answered this complaint, plaintiff

asked  that  the  case  be  stayed.    As  a  result,  the  court

administratively closed the case on April 24, 2000.  More than four years later, plaintiff asked that the case be reopened, and that he be granted leave to file an amended complaint.  Following an evidentiary hearing, the court reopened the case.  Plaintiff filed his amended complaint on March 15, 2005.  Seven months after filing their answer, defendants filed the instant motion to dismiss.

In the motion to dismiss, defendants contend that a two year statute of limitations applies to plaintiff's complaint.  According to defendants, because plaintiff did not file his amended complaint within this two year period, his claim is time barred.  Plaintiff argues in response that defendants have waived the statute of limitations defense.  In the alternative, he contends that his complaint was timely filed because a two year statute of limitations does not apply to this employment discrimination case.

### B.   The Motion for a Protective Order

In their motion for a protective order defendants sought an order from this court staying depositions scheduled for January 13, 2006, until this court ruled on defendants' motion to dismiss.  Because the date of these depositions has passed, and because this court has now issued a ruling on defendants' motion

to dismiss, this motion is moot.  The parties will be directed to appear before the court at a scheduling conference, at which time the court will set an appropriate discovery schedule.

## II.   LEGAL STANDARDS

### A.   Relation Back of Amendments

Federal Rule of Civil Procedure 15 governs the relation back of amended pleadings.  Under that Rule, an amendment relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth...in the original pleading."  Fed. R. Civ. P. 15(c)(2).  Amendments that restate the original claim with more particularity or amplify the factual circumstances surrounding the pertinent conduct in the preceding pleading fall within Rule 15(c).  USX Corp. v. Barnhart, 395 F.3d 161, 166-67 (3d Cir. 2004).  Application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings.  The court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds.  Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004).

3

B.   Statute of Limitations - Motion to Dismiss

Technically, the Federal Rules of Civil Procedure require that the affirmative defense of the statute of limitations be pleaded in the answer. Fed. R. Civ. P. 12(b).   However, under the so-called "Third Circuit Rule" a limitations defense can be raised by a motion under Rule 12(b)(6), but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (citing Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).   "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id. (citing Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).

C.   Applicable Statute of Limitations

Title I of the ADA regulates discrimination in employment. Title I employment discrimination claims are adjudicated under the powers, remedies, and procedures of Title VII of the Civil Rights Act of 1966 ("Title VII").   Title VII's enforcement provisions, therefore, outline the limitations period for filing a claim under the ADA. Specifically, section 2000e-5(f)(1) provides that a person must bring a civil action within 90 days

4

of receiving a notice of final agency action from the EEOC.   42
U.S.C.A § 2000e-5(f)(1).

### D.  Waiver of the Statute of Limitations

The statute of limitations is an affirmative defense, and
therefore, under Rule 8(c), it should be asserted in the answer.
However, failure to plead an affirmative defense in the answer
does not automatically result in a waiver.   Eddy v. Virgin
Islands Water & Power Auth., 256 F.3d 204, 209 (3d Cir. 2001).
Under Rule 15(a), an answer may be amended at any time by leave
of court to include an affirmative defense.  Id.  Leave to amend
is generally granted unless equitable considerations render it
unjust.   Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir.
2006).

Among the factors that may justify denial of leave to amend
are undue delay, bad faith, futility, and prejudice to the non-
moving party.  Id.; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d
Cir. 1993).  In determining what constitutes prejudice, the court
should consider whether the assertion of the new defense would:
(1) require the plaintiff to expend significant additional
resources to conduct discovery and prepare for trial; (2)
significantly delay the resolution of the dispute; or (3) prevent
the plaintiff from bringing a timely action in another

jurisdiction. <u>Long v. Wilson</u>, 393 F.3d 390, 400 (3d Cir. 2004).

III. DISCUSSION

Although defendants fail to acknowledge it, their motion to dismiss is based entirely on the premise that plaintiff's amended complaint does not relate back to the filing date of the original complaint. Because this fundamental premise is incorrect, defendants' motion to dismiss is without merit.

We find that plaintiff's amended complaint relates back to the date of filing of the original pleading. Plaintiff filed his original complaint on September 8, 1999. Plaintiff filed his amended complaint on March 15, 2005. Both pleadings allege that plaintiff was fired from his employment with ARBCO Industries, Inc. on January 16, 1998 due to a disability. There is a common core of operative facts in the two pleadings. Furthermore, defendants do not deny that they have had fair notice of the facts and legal theories upon which plaintiff's complaint is based.

Our finding that the amended complaint relates back to the 1999 filing date dispenses completely with defendants' motion to dismiss. Defendants' motion to dismiss alleges that plaintiff's claim is barred by the statute of limitations because he failed to file suit within two years of the date of his firing. Even

6

were we to rule in defendants' favor and find that defendants had not waived their statute of limitations defense[1], and that a two year statute of limitations applies to this case[2], we would still deny defendants' motion to dismiss. Plaintiff filed his complaint within the alleged two year limitations period: he was fired in January of 1998 and filed his complaint in September of 1999, to which his March 2005 complaint relates back.

Defendants' motion for a protective order seeking an order from this court staying depositions scheduled for January 13, 2006, until after we ruled on their motion to dismiss is moot. The date of these depositions has passed. The court has now issued a ruling on defendants' motion to dismiss. The relief requested can no longer be granted and the alleged justification for the protective order is no longer viable.

---

[1]   An issue on which we make no ruling under the circumstances.

[2]   Although we need not, and do not, reach this issue in making our ruling on the motion to dismiss, we note that the two year statute of limitations under the Americans with Disabilities Act applies to Title III claims, not Title I claims. As evidenced by the sole case cited by defendants, Title III claims allege discrimination in the provision of public accommodations. See Burkhart v. Widener Univ., 70 Fed. Appx. 52, 53 (3d Cir. 2003) (plaintiff was a student who alleged that the university discriminated against him due to his disability in the provision of programs and services). Title I claims allege discrimination in private employment, like this case.

7

IV.    <u>CONCLUSION</u>

       For the foregoing reasons, defendants' motion to dismiss is denied.   Defendants' motion for a protective order is moot.

       An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK D. HAINAN           )
          Plaintiff,     )
                         )
     v.                  )     Civil Action No. 99-1450
                         )
ARBCO INDUSTRIES, INC. and )
GERALD BARTOLOMUCCI,     )
          Defendants     )

## ORDER

AND NOW, this $\underline{2\,(}$ day of July, 2006, IT IS HEREBY ORDERED
that defendant's motion to dismiss [doc. no. 19] is DENIED.

IT IS FURTHER ORDERED that defendant's motion for a
protective order [doc. no. 25] is MOOT.

BY THE COURT:

_____, J.

cc:   All Counsel of Record

9